

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 30, 1939

Mr. Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion No. O-507
Re: Whether Commissioners' Court author-
ized to pay ex-tax collector $350.00
to wind up the affairs of office.

With further reference to your letter of
March 6th enclosing written certified copy of an order
of the Commissioners' Court of Hidalgo County, kindly
be advised that this Department has considered your
request for an opinion as contained therein as to whe-
ther or not the Commissioners' Court was within its
discretionary power in passing an order reading sub-
stantially as follows:

"January 5, 1939 - Upon motion duly made
by Commissioner Hester, seconded by Commission-
er Melton, that J. J. Oliver be allowed $350.00
for men to check out and make final reports of
tax collector's office. -Motion carried unani-
mously."

We have determined the population of Hidalgo
County to be 77,004, according to the 1930 Federal census
and assume that the tax collector is paid under the Offi-
cers' Salary Bill.

The statutes make it the duty of various offi-
cers, including the tax collector, to make the final re-
port as required by law. We find the following statutes
providing for such reports:

Article 7260, as amended, para. No. 4, reads:

"The tax collector shall pay over to the
State Treasurer all balances in his hands be-

longing to the State, and finally adjust and
settle his account with the Comptroller on,
or before the 1st day of May of each year, and
to enable him to do so, the Commissioners'
Court shall convene on or before the 3rd Mon-
day in April for the purpose of examining and
approving his final settlement papers."

Article 7261, as amended, para. No. 6 reads:

"The tax collector shall finally adjust
and settle his account with the Commissioners'
Court for the county taxes collected, at the
same time and in the manner as is provided
in the foregoing article, in his settlement
with the State."

Under Article 3897, each tax collector shall
make a sworn statement, at the close of each fiscal year
(December 31st), filing a copy of same with county audi-
tor or otherwise with the Commissioners' Court showing
the amount of all fees, commissions and compensations
whatever earned, collected and uncollected, etc.

Article 3898, as amended, reads:

"The fiscal year, within the meaning of
this act shall begin on January 1st of each
year; and each district, county and precinct
officer shall file his report and make the final
settlement required in this act not later than
February 1st of each year;...."

The above provisions are mandatory on the part
of the tax collector and his office and are performable
without any additional allowance of compensation over and
above the maximum salary allowed or authorized by statute.
The above order cannot be construed otherwise than as
unauthorized allowance of compensation for such duties
above set forth. The purpose of the statutes prescrib-
ing the maximum amounts being to exclude from the Com-
missioners' Court the power to make a greater allowance
than that authorized and fixed under the Officers' Salary
Bill. The duty shown in the order being primarily for

which the salary of the office is paid, Article 100, 101 and 101a of Vernon's Annotated Penal Code, 1925, makes it a penal offense for the tax collector to fail to perform such duties. We do not think the Constitution or the statutes authorize extra compensation or place a premium on such duties required to be performed and at the same time make it a penal offense for failure to perform same.

It is, therefore, the opinion of this Department that the Commissioners' Court is unauthorized to make an allowance of any sum to the ex-tax collector for men to check out and make the final reports of his office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL